IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRYL RAYNARD GORDON, ) <br> ID # 690822, ) <br> Petitioner, ) <br> vs. ) <br> ) <br> NATHANIEL QUARTERMAN,[1] Director, ) <br> Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br> Respondent. ) | No. 3:05-CV-0115-H (BH) <br> ECF <br> Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 purportedly to challenge his Kaufman County conviction for robbery in Cause No. 17439. Respondent is Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On April 27, 1994, petitioner pled guilty to robbery in Kaufman County and received a fifteen year sentence on October 7, 1994, with credit for 202 days already served. He did not appeal the conviction or sentence. On July 22, 2000, he was released on parole. He was arrested on September 22, 2002, for a parole violation, and his parole was revoked. He attaches a Commitment

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

Data Form from TDCJ-CID which shows that his sentence began October 7, 1993; that he was returned from parole status on August 5, 2003, with time credit from September 22, 2002; and that his sentence was thus calculated to be fully served on January 15, 2011. On December 9, 2004, the Texas Court of Criminal Appeals denied petitioner's state application for habeas relief that challenged the calculation of his time credits.

In January 2005, petitioner filed the instant federal habeas action pursuant to 28 U.S.C. § 2254. In three grounds for relief, he claims that (1) he was denied time credit for the time he spent on parole in violation of the cruel and unusual punishment clause of the Eighth Amendment; (2) the extension of his sentence by not allowing credit for the time spent on parole violates his plea agreement and renders his plea involuntary; and (3) the extension of his sentence by not allowing credit for the time spent on parole violates the trial court's judgment. An attachment to the petition sets forth those three claims, as well as, asserting claimed violations of (4) a ban on bills of attainder; (5) separation of powers; and (6) double jeopardy. His claims focus on the alleged unconstitutionality of Texas Gov. Code § 508.283(c), which does not allow credit against a sentence for time spent on parole. Although petitioner purports to challenge his robbery conviction, the nature of the claims reveals that his challenge lies with the denial of time credits subsequent to his parole revocation, rather than a challenge to his underlying conviction and sentence.

## II. SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Section 2254(a) of Title 28 of the United States Code directs the courts to

"entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

> The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting Rule 4 Advisory committee Notes).

In *Hunter v. Quarterman*, No. 4:06-CV-342-A, 2006 WL 2914162, at *1-3 & nn. 2-3 (N.D. Tex. Oct. 11, 2006), the court considered a petitioner's claims (which are substantially similar to petitioner's claims herein) that "application of Texas Government Code §§ 508.283 and 508.149 to his case was in violation of the United States Constitution"; that denial of street time credits violated his plea agreements and rendered his pleas involuntary; that such denial violated his constitutional rights regarding cruel and unusual punishment, equal protection, due process, ban on bills of attainders, separation of powers, and double jeopardy. The court found that these claims entitled the petitioner to no habeas relief because

> "There is no constitutional or inherent right of a convicted person to be . . . released before the expiration of a valid sentence." Time credit is not a vested right, but rather a privilege established by the Texas legislature that may be forfeited. Consequently, Texas statutes allowing prison directors to disregard the time a prisoner spends on mandatory supervision do not violate any provisions of the United States Constitution.

3

*Id.* at *2 (citations omitted). It accepted the findings, conclusions, and recommendation of the magistrate judge, which additionally stated:

> Nor does denial of his street time credits render his guilty pleas involuntary or violate his plea agreements with the state. Any failure of defense counsel, the state prosecutor, or the trial court to warn Hunter of a mere possibility that he could lose and/or not receive credits for street time, contingent upon a number of variables, does not render his plea unknowing or involuntary. Texas statutory law allows TDCJ to disregard the time a prisoner spends on mandatory supervision if the prisoner violates the terms of that release. Such forfeiture does not unlawfully lengthen or prolong his sentence beyond the original term imposed by the trial court, even though his maximum sentence discharge date may have been extended due to the forfeiture, or cause him to serve his sentences in installments.

*Id.* at *5 (findings, conclusions, and recommendation attached to order accepting) (citations omitted).

In addition, in *Russell v. Cockrell*, No. 3:01-CV-1425-D, 2003 WL 21750862, at *3 (N. D. Tex. July 25, 2003) (findings, conclusions, and recommendation accepted by District Court) (citations omitted), the Court found that the failure to credit a sentence for street time spent on parole did not constitute cruel and unusual punishment:

> "Incarceration does not constitute cruel and unusual punishment." Rather, "[a]fter incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment." Moreover, it is neither cruel nor unusual punishment to revoke one's parole and require "him to serve the balance of his sentence." Further, resuming one's sentence upon revocation of parole without "credit for time spent on the revoked parole . . . does not offend the constitutional provisions relating to due process nor to cruel and unusual punishment." This claim thus entitles petitioner to no habeas relief.

The *Russell* court also found no double jeopardy challenge, stating:

> "[T]he double jeopardy clause serves three interests, protecting against: (1) prosecution of the same offense after acquittal; (2) prosecution of the same offense after conviction; and (3) multiple punishments for the same offense." The arguments of petitioner implicate the third protected interest. Despite his arguments, however, petitioner has not received multiple punishments for the same offense. He has

4

> received one punishment for each of his offenses. . . . The Fifth Circuit has declined to extend the protections of the double jeopardy clause to parole revocation. . . . This claim thus entitles petitioner to no habeas relief.

*Id.* at *8 (citations omitted).

Furthermore, the court found no cognizable basis for habeas relief on some of the same grounds raised here in *Jackson v. Johnson*, No. 3:01-CV-1553-D, 2001 WL 1478789, at *1-3 (N.D. Tex. Nov. 16, 2001) (adopting recommendation which found that the five asserted grounds for challenging the forfeiture of street-time credits – (1) cruel and unusual punishment, (2) unconstitutional ban on bills of attainder, (3) separation of powers, (4) double jeopardy, and (5) violation of plea agreement thus rendering plea involuntary – presents no cognizable basis for habeas relief). The *Jackson* court found that prisoners are "not entitled to credit" on their sentences for "'street time' spent on supervised release", and noted that "it is well established in the United States Court of Appeals for the Fifth Circuit 'that time spent on parole does not operate to reduce the sentence of a parole violator returned to prison.'" *Id.* at *2. It found no double jeopardy violation because the petitioner was "not prosecuted twice for the same offense." *Id.* at *3. It found petitioner's other claims "patently frivolous." *Id.*

Based upon the above-cited case law, the Court finds that the claims raised in the instant action likewise present no basis for habeas relief. The denial of street time credits does not constitute cruel and unusual punishment or double jeopardy; does not violate his plea agreement or render his plea involuntary; and does not violate the ban on bills of attainder or the separation of powers doctrine. In this case, petitioner also claims that the extension of his sentence by not allowing credit for the time spent on parole violates the trial court's judgment. The Court finds no violation of that

5

judgment by requiring petitioner to serve the fifteen year sentence imposed by the trial court. Petitioner has asserted no claim sufficient to find Texas Gov. Code § 508.283(c) unconstitutional.

### III. EVIDENTIARY HEARING

Upon review of the pleadings filed herein, an evidentiary hearing appears unnecessary.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the District Court summarily **DISMISS** petitioner's application for habeas corpus relief, brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 9th day of November, 2006.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE